1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                    **EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11   RAYMUNDO LOPEZ CASIMIRO,              )   Case No.: 1:24-cv-01400-SKO (HC)
                                           )
12                   Petitioner,           )   ORDER DISMISSING PETITION WITH LEAVE
                                           )   TO FILE A FIRST AMENDED PETITION
13          v.                             )
                                           )   ORDER DIRECTING CLERK OF COURT TO
14                                         )   PROVIDE BLANK HABEAS FORM
                                           )
15   MARTIN GAMBOA, Warden,                )
                                           )   [THIRTY DAY DEADLINE]
16                   Respondent.           )
                                           )
17   _____)

18          Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254.  He filed the instant petition on November 15, 2024.

20   (Doc. 1.) A preliminary screening of the petition reveals it to be facially deficient in violation of Rule

21   2(c) of the Rules Governing 2254 Cases. Therefore, the Court will DISMISS the petition with leave to

22   file an amended petition.

23   **I.       DISCUSSION**

24          A.  Preliminary Review of Petition

25          Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

26   review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

27   plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

28   the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

1

Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.  Failure to State a Cognizable Federal Claim

Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Here, Petitioner has failed to comply with Rule 2(c) by failing to specify and legibly set forth his grounds for relief.  The petition is 313 pages in length and is comprised of a form petition and various attachments. The form petition is typed but the typeface is illegible with respect to grounds three and four. (Doc. 1 at 9.) It appears the document has been copied or retyped several times causing the print to blend together, thus rendering grounds three and four illegible.

In addition to the four grounds for relief that Petitioner attempts to set forth in his form petition, he refers to additional claims he seeks to present and directs the Court's attention to some 300 pages of pleadings and copies he has attached to the form petition. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief.  Burkey v. Deeds, 824 F.Supp. 190, 193 (D.Nev.1993) (finding that courts do not have entire onus of creating federal claim for petitioner). Rule 2(c) requires that claims and facts be stated with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir.1990). Here, not only are the claims and facts buried within hundreds of pages of documents, but the documents themselves are largely illegible – many pages are printed sideways and reversed. The Court has neither the time nor the resources to cull through hundreds of pages of attachments and exhibits to locate Petitioner's claims for relief.

The petition is facially deficient and must be dismissed. Petitioner will be granted an opportunity to file a First Amended Petition to present his claims in accordance with Rule 2(c).

Petitioner is directed to utilize the form petition. He is advised that he should entitle his pleading, "First Amended Petition," he should reference the instant case number, and he must specify his ground(s) for relief, the facts supporting his ground(s), and the relief requested. The Court will not accept references to other pleadings, documents, and exhibits as acceptable presentation of a claim. Failure to comply with this order will result in dismissal of the action.

## III.    ORDER

Accordingly, IT IS HEREBY ORDERED:

1)  The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim;

2)  The Clerk of Court is DIRECTED to provide Petitioner with a blank form for filing a habeas petition; and

3)  Petitioner is GRANTED thirty (30) days from the date of service of this order to file a First Amended Petition.

IT IS SO ORDERED.

Dated:   **November 20, 2024**                  /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

3