1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYMUNDO LOPEZ CASAMIRO,          No.  1:24-cv-01400-KES-SKO (HC)

12                 Petitioner,          **FINDINGS AND RECOMMENDATION**
                                        **TO GRANT RESPONDENT'S MOTION**
13          v.                          **TO DISMISS MIXED PETITION**

14                                      **[Doc. 12]**
      MARTIN GAMBOA, Warden,
15                                      **[TWENTY-ONE DAY OBJECTION**
                 Respondent.           **DEADLINE]**
16

17

18          Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for

19    writ of habeas corpus pursuant to 28 U.S.C. § 2254.

20          Petitioner filed the instant habeas petition on November 15, 2024, challenging his 2021

21    conviction in Madera County Superior Court of multiple sex crimes against a thirteen-year-old

22    girl. (Doc. 1.) On March 4, 2025, Respondent filed a motion to dismiss for failure to exhaust state

23    remedies. (Doc. 12.) Petitioner filed an opposition on April 10, 2025. (Doc. 14.) Repondent filed

24    a reply on April 22, 2025. (Doc. 15.) Because the petition is a mixed petition, the Court will

25    recommend Respondent's motion to dismiss be GRANTED and Petitioner be DIRECTED to

26    amend the petition to delete the unexhausted claims or request dismissal of the petition without

27    prejudice so that Petitioner may return to state court to exhaust his state remedies.

28    /////

                                        1

1

**DISCUSSION**

2

A.      Preliminary Review of Petition

3

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

4

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

5

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

6

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

7

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

8

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

9

2001).

10

B.      Exhaustion

11

A petitioner who is in state custody and wishes to collaterally challenge his conviction by

12

a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

13

The exhaustion doctrine is based on comity to the state court and gives the state court the initial

14

opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

15

U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

16

A petitioner can satisfy the exhaustion requirement by providing the highest state court

17

with a full and fair opportunity to consider each claim before presenting it to the federal court.

18

Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court

19

was given a full and fair opportunity to hear a claim if the petitioner has presented the highest

20

state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney

21

v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

22

Additionally, the petitioner must have specifically told the state court that he was raising a

23

federal constitutional claim.  Duncan, 513 U.S. at 365-66.  In Duncan, the United States Supreme

24

Court reiterated the rule as follows:

25

In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
remedies requires that petitioners "fairly presen[t]" federal claims to the state courts
in order to give the State the "opportunity to pass upon and correct alleged violations
of the prisoners' federal rights" (some internal quotation marks omitted).  If state
courts are to be given the opportunity to correct alleged violations of prisoners'
federal rights, they must surely be alerted to the fact that the prisoners are asserting
claims under the United States Constitution. If a habeas petitioner wishes to claim

26

27

28

2

1    that an evidentiary ruling at a state court trial denied him the due process of law
2    guaranteed by the Fourteenth Amendment, he must say so, not only in federal court,
     but in state court.

3    Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

4    Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
     federal claims in state court *unless he specifically indicated to that court that those*
5    *claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88
     (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held
6    that the *petitioner must make the federal basis of the claim explicit either by citing*
     *federal law or the decisions of federal courts, even if the federal basis is "self-*
7    *evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
     Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under
8    state law on the same considerations that would control resolution of the claim on
     federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson
9    v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

10   In Johnson, we explained that the petitioner must alert the state court to the fact that
     the relevant claim is a federal one without regard to how similar the state and federal
11   standards for reviewing the claim may be or how obvious the violation of federal
     law is.
12

13   Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons

14   v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

15        Petitioner raises the following three claims in his petition: 1) The prosecutor committed

16   misconduct and violated Petitioner's due process rights by wrongly telling the jury at the

17   beginning of closing arguments that the presumption of innocence no longer applies; 2) Defense

18   counsel was constitutionally ineffective when the prosecutor committed prejudicial misconduct

19   by misstating the presumption of evidence in closing arguments; and 3) Per new rules of Senate

20   Bill 567, Petitioner's sentence must be reversed and remanded. (Doc. 1.)

21        Respondent contends that Petitioner failed to fairly present claims two and three to the

22   California Supreme Court and therefore failed to exhaust these claims. Petitioner had one filing in

23   the California Supreme Court, and the petition raised one claim: the prosecutor committed

24   misconduct by misstating the presumption of innocence in closing arguments.  (Doc. 13-3.)

25   Petitioner also claimed that, to the extent defense counsel forfeited the claim, defense counsel was

26   ineffective. (Doc. 13-3 at 15.) Petitioner did not raise claim three to the California Supreme Court

27   and therefore it is unexhausted. To the extent Petitioner raises an independent claim of ineffective

28   assistance of counsel, it too is unexhausted. The state court determined that the prosecutor did not

1  commit misconduct and therefore did not consider whether defense counsel was ineffective.

2  (Doc. 13-3 at 9.) On the other hand, if Petitioner is raising a claim of ineffectiveness to excuse

3  forfeiture of the prosecutorial misconduct claim, the claim is moot as the state court did not find

4  the prosecutorial misconduct claim forfeited.

5          The instant petition is therefore a mixed petition containing exhausted and unexhausted

6  claims. Petitioner must be given the option of exhausting the unexhausted claims by returning to

7  state court, or abandoning the claims and pursuing the remaining claims in this Court. Jefferson v.

8  Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1191 (9th

9  Cir. 2014).

10                                  **RECOMMENDATION**

11          Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be granted,

12  and Petitioner be directed to either amend the petition to delete the unexhausted claims or request

13  dismissal of the petition without prejudice so he may return to state court to exhaust the

14  unexhausted claim.

15          This Findings and Recommendation is submitted to the United States District Court Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

17  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

18  twenty-one (21) days after being served with a copy of this Findings and Recommendation, a

19  party may file written objections with the Court and serve a copy on all parties. Id. The document

20  should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall

21  not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not

22  consider exhibits attached to the Objections. To the extent a party wishes to refer to any

23  exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page

24  number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in

25  excess of the fifteen (15) page limitation may be disregarded by the District Judge when

26  reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

27  parties are advised that failure to file objections within the specified time may result in the waiver

28  of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This

recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 2, 2025**                                           */s/ Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE